IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 52430 & 52431

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: July 20, 2026 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | |
| SCOTT HOWARD HOLMES, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction and consecutive, unified sentences of five years, with minimum periods of confinement of three years, for six counts of video voyeurism and being a persistent violator, affirmed; judgment of conviction and aggregate concurrent unified sentences of life imprisonment, with a minimum period of confinement of twenty-five years, for burglary, two counts of video voyeurism, sexual exploitation of a child and being a persistent violator of the law, affirmed; order for restitution reversed and remanded.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

This appeal involves two cases which have been consolidated on appeal--Docket No. 52430 and Docket No. 52431. In Docket No. 52430, Scott Howard Holmes appeals from his judgment of conviction and consecutive, unified sentences of five years, with minimum periods of confinement of three years, for six counts of video voyeurism and being a persistent violator of the law. In Docket No. 52431, Holmes appeals from his judgment of conviction and aggregate, concurrent unified life sentence, with a minimum period of confinement of twenty-five years, for

burglary, two counts of video voyeurism, sexual exploitation of a child, and being a persistent violator of the law. For the following reasons, we affirm Holmes' judgments of conviction and sentences but reverse and remand the district court's restitution order.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In Docket No. 52430, Holmes' ex-girlfriend reported to the police that Holmes sent nude photographs of her to her daughter and niece. Following an investigation, the State charged Holmes with six counts of video voyeurism and being a persistent violator of the law. At trial, a jury found Holmes guilty of six counts of video voyeurism. I.C. § 18-6605(3). Holmes also admitted to being a persistent violator of the law. I.C. § 19-2514.

In Docket No. 52431, Holmes' ex-girlfriend reported to the police that she believed Holmes had placed a tracking device on her vehicle and a listening device in her home. Officers executed a search warrant on Holmes' cell phone and discovered video footage of the ex-girlfriend's fifteen-year-old daughter engaging in sexual activity in her bedroom. The officers additionally found video footage of Holmes' ex-girlfriend "doing various things" in her bedroom. Officers searched the ex-girlfriend's home and found hidden cameras located in two space heaters in the ex-girlfriend's and daughter's bedrooms. The State charged Holmes with burglary, two counts of video voyeurism, sexual exploitation of a child, and being a persistent violator of the law.

Prior to trial in Docket No. 52431, Holmes filed a motion requesting the district court conduct a hearing to determine if he could proceed pro se.[1] The district court determined that Holmes knowingly and voluntarily waived his right to counsel and allowed Holmes to proceed pro se. Another attorney subsequently entered a notice of appearance and represented Holmes at trial. A jury found Holmes guilty of burglary (I.C. § 18-1401), two counts of video voyeurism (I.C. § 18-6605(2)), and sexual exploitation of a child (I.C. § 18-1507). Holmes also admitted to being a persistent violator of the law (I.C. § 19-2514).

The district court held a combined sentencing hearing for both cases. Before the hearing, the district court addressed a motion to withdraw filed by Holmes' attorney. Holmes told the district court that he fired his attorney. The district court asked Holmes if he was requesting a

---

[1]     *See Faretta v. California*, 422 U.S. 806 (1975).

public defender or if he wished to represent himself. Using profane language, Holmes rejected a public defender and did not answer the district court's questions regarding self-representation. The district court asked Holmes to "watch his language" and warned him his "repeated use of profanities" would not be tolerated. Ultimately, the district court granted the attorney's motion to withdraw, and Holmes' attorney left the courtroom. The district court again attempted to ask Holmes additional questions regarding self-representation. When Holmes did not respond, the district court asked him if he was going to speak during the hearing and warned him that, if he continued to use profanity, he would be removed from the courtroom. Using profane language, Holmes responded that he wanted to be removed from the courtroom. Holmes was then removed and permitted to attend the hearing virtually with his microphone turned off.

The State made its sentencing recommendation and informed the district court that it would be seeking restitution. The district court gave the State thirty days to seek restitution. A month after sentencing, the district court entered an order requiring Holmes to pay restitution to his ex-girlfriend in the amount of $1,024. Holmes appeals.

## II.

## STANDARD OF REVIEW

Appellate review of a trial court's decision pursuant to I.C.R. 33 is reviewed for an abuse of discretion. *See State v. Hawkins*, 117 Idaho 285, 288-89, 787 P.2d 271, 274-75 (1990). A trial court's restitution award is also reviewed for an abuse of discretion. *State v. Head*, 173 Idaho 415, 419, 543 P.3d 41, 45 (Ct. App. 2023). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Holmes argues that the district court abused its discretion by not asking him whether he would like to make a statement at the sentencing hearing as required under I.C.R. 33(a)(1). Holmes also argues that the district court abused its discretion by ordering $1,024 in restitution to his

ex-girlfriend without evidence in the record supporting the restitution amount. The State responds that the district court did not abuse its discretion at sentencing but concedes that the record does not contain evidence to support the restitution order.[2] The State requests a limited remand to allow it to present evidence to support the restitution order. We hold that Holmes has failed to show the district court abused its discretion at sentencing. We further hold that a limited remand is necessary to allow Holmes the opportunity to challenge the restitution order.

## A. Idaho Criminal Rule 33

A defendant's right to be heard at sentencing is based on the common-law right to allocution. *State v. Goldman*, 107 Idaho 209, 211, 687 P.2d 599, 601 (Ct. App. 1984). Idaho Criminal Rule 33 memorializes this right and provides in relevant part that, "before imposing sentence the court must give counsel an opportunity to speak on behalf of the defendant and must ask the defendant personally if the defendant wishes to make a statement and to present any information in mitigation of punishment." I.C.R. 33(a)(1). Because allocution is a procedural right, a violation of I.C.R. 33 is not an automatic constitutional violation. *State v. Hansen*, 154 Idaho 882, 887-88, 303 P.3d 241, 246-47 (Ct. App. 2013).

At sentencing, and before granting counsel's motion to withdraw, the district court asked Holmes what he intended to do:

| | |
|---|---|
| [Court]: | Are you--are you requesting that the Court appoint the public defender to represent you or do you wish to represent yourself? |
| [Holmes]: | What [f***ing] good would that do? |
| [Court] | I'd ask you to-- |
| [Holmes] | Didn't do any good before. |
| [Court]: | I'd ask you to please watch your language. |
| [Holmes]: | I paid him five [f***ing] thousand dollars and it didn't do any [f***ing] good. |
| [Court]: | Would you-- |
| [Holmes]: | Well, you're asking me a bunch of stupid [f***ing] questions. You're going to do what you're going to do anyway so just [f***ing] do it. |
| [Court]: | Do you want counsel appointed for you or do you not? |
| [Holmes]: | I told you no. Didn't I just say that? |

---

[2]    Alternatively, the State argues that, even if the district court erred, any error was invited by Holmes. However, because we agree that Holmes has failed to show the district court erred, we need not address this argument.

4

Following this exchange, the district court granted the motion to withdraw and then attempted to engage Holmes in a discussion regarding self-representation. Holmes did not respond. The district court then stated:

> [Court]:  Do you plan on speaking at all today? Because your conduct today has been--has not been appropriate for court. Your repeated use of profanities is not--the Court will not tolerate. And I'll just warn you right now that if you continue, I will--I will have you removed and we'll continue with the sentencing in your absence.
>
> [Holmes]  Do that. Do that because you're nothing but a worthless [f***ing] piece of [sh**] that's going to do what you're going to [f***ing] do anyway.

The district court asked Holmes if he wanted to be removed from the courtroom. Holmes' response was not affirmative; instead, he answered with "[l]et's go," and "[s]o can you take me now?" The district court stated: "No. If you would like to be removed, you need to tell me so we--." Holmes interrupted and responded: "Have me removed up your [f***ing] [a**], mother[f***er]. Okay?" Holmes was removed from the courtroom. The district court indicated that, if a "remote room" at the jail was available, Holmes could attend the sentencing hearing remotely with his microphone muted so no one did "not have to listen to [Holmes'] profanities" but he would still be able to hear what was "going on" during the hearing. After a brief recess, the sentencing hearing continued with Holmes attending remotely. The district court noted:

> Two things I need to put on the record. The first is that I do find that Mr. Holmes clearly and unequivocally indicated that he did not wish to be present for his sentencing; and so on that basis, I have excused him. And additional--additionally, Mr. Holmes was incredibly disruptive to the point where the Court could not get in a word edge-wise and his vile and profane remarks were not appropriate for court; and so on that basis, I would have had him removed from court regardless.

Holmes contends the district court abused its discretion by not "asking him if he wished to make a statement or present any information in mitigation of punishment" as the district court was required to do pursuant to I.C.R. 33(a)(1). We disagree. Based on Holmes' statements in the record, he forfeited this procedural right. The district court warned Holmes about his use of profanity multiple times, but he continued to engage in disrespectful and disruptive behavior. A district court is not required to allow a defendant who acts in such a manner to remain present. *See* I.C.R. 43(c)(1)(B) (stating that a defendant who was initially present at trial or other proceeding waives the right to be present if the defendant acts in a manner so disorderly, disruptive and

5

disrespectful as to substantially impede or make impossible the orderly conduct of the trial or other proceeding). The district court made clear it was removing Holmes from the courtroom on this basis. That the district court arranged for Holmes to view the sentencing proceedings remotely after his removal does not mean the district court was also required to invite him to make a statement or present mitigating information. If that were true, a trial court's ability to remove a disruptive defendant as permitted by I.C.R. 43(c)(1)(B) would be meaningless; continuing to be disruptive remotely is not substantively different than being disruptive in person. Holmes has failed to show the district court abused its discretion by not asking him if he would like to make a statement at the sentencing hearing.

**B.      Restitution**

After its argument at the sentencing hearing, the State requested thirty days to seek restitution. The following month, the district court entered an order of restitution in the amount of $1,024 to be paid to Holmes' ex-girlfriend. On appeal, Holmes argues he did not have "notice or an opportunity to be heard on restitution" and that the district court abused its discretion by ordering restitution "because there is no evidence in the record supporting a restitution award." As a remedy, Holmes asks this Court to vacate the restitution order without remand. The State agrees that the record does not contain evidence to support the restitution order but requests a limited remand to provide documentation to support the restitution order. We agree that a limited remand is required to allow Holmes to challenge how much, if any, restitution may be awarded.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Torrez*, 156 Idaho at 120, 320 P.3d at 1279.

It is undisputed that the record does not include any evidence related to the restitution award. There is also nothing in the record indicating that Holmes was given notice of the State's restitution request, the basis of the request, or an opportunity to object to the request. Generally,

6

missing portions of the record are presumed to support the actions of the district court. *State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct. App. 1992). Nevertheless, the arguments on appeal center on whether this case should be remanded for full consideration of the restitution issue. Holmes contends that this Court should not remand for further proceedings to allow the State to present evidence to support the claim for restitution. *See State v. Oxford*, 167 Idaho 515, 526, 473 P.3d 784, 795 (2020) (reversing the order of restitution without remand because the State had repeated opportunities to support the restitution award). The State, on the other hand, argues that remand is appropriate because, unlike cases in which remand was foreclosed, the State in this case did not have multiple opportunities to support its restitution request. *See id.* (holding that the State was not entitled to remand because it had numerous opportunities to submit evidentiary support, including "prior to sentencing when it made its initial request, at the sentencing hearing, at the restitution hearing, and after the restitution hearing during the three-week extension allowed by the district court for filing additional evidence"). We conclude that remand is appropriate on the facts of this case because we will not presume the district court entered a restitution order out of thin air. *See State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991) (explaining appellate courts do not presume error). Remand will afford Holmes due process as it relates to restitution and a proper evidentiary record for any restitution order, which can be meaningfully reviewed if there is a basis to do so.

## IV.

## CONCLUSION

Holmes has failed to show the district court abused its discretion by not asking him if he would like to make a statement at the sentencing hearing after he was removed from the courtroom due to disruptive behavior. The appellate record is inadequate to assess the basis for the restitution award. Accordingly, Holmes' judgments of conviction and sentences are affirmed. However, the order of restitution is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge FLEMING and Judge PETTY, **CONCUR**.